# United States Court of Appeals
## For the First Circuit

––––––––––––––––––

No. 24-1822

BELIA ARLENE OCASIO; EFRAÍN COLÓN-DAMIANI,

Plaintiffs - Appellees,

v.

COMISIÓN ESTATAL DE ELECCIONES; JESSIKA PADILLA, in their official capacity as
Acting President of the Comisión Estatal de Elecciones,

Defendants - Appellants.

––––––––––––––––––

**ORDER OF COURT**

Entered: May 15, 2025

Defendants-Appellants have appealed the district court's December 26, 2023, order granting, in part, plaintiffs-appellees' November 2, 2020, motion and awarding post-judgment attorneys' fees to plaintiffs. Appellants also challenge the July 31, 2024, order denying defendants' motion to reconsider and determining that the discharge and injunction provisions contained in the Commonwealth of Puerto Rico's Title III plan of adjustment ("Plan") did not apply to the attorneys' fees award. The parties have filed their briefs that address the applicability of the Plan's discharge and discharge injunction provisions, as well as the merits of the attorneys' fees award.

On May 3, 2017, the Commonwealth of Puerto Rico filed a petition under Title III of PROMESA, 48 U.S.C. § 2161, et seq., for adjustment of its debts. On June 29, 2017, the Title III court entered an order pursuant to 11 U.S.C. § 105(a) that, inter alia, applied the automatic stay contained in 11 U.S.C. § 922(a)(1) to the Commonwealth's officers "in all respects" when a party "seek[s] to enforce claims against" the Commonwealth, as well as incorporated the automatic stay in 11 U.S.C. § 362(a)(3) and enjoined all entities from "taking any action to obtain possession or control over any and all property of the Debtors, wherever located." In re Fin. Oversight & Mgmt. Bd. of P.R., No. 3:17-bk-03283-LTS (D.P.R. June 29, 2017), Dkt. No. 543 ⁋⁋ 2(c), 3, 5. On January 18, 2022, the Title III court confirmed the Commonwealth's Title III Plan. In re Fin. Oversight & Mgmt. Bd. of P.R., 636 B.R. 1 (D.P.R. 2022). The effective date of the Plan was March 15, 2022.

In light of the above, the parties are directed to file supplemental briefs, not to exceed 14 pages, addressing, with specificity, the following issues:

- Whether the plaintiffs-appellees' November 2, 2020, motion was filed in violation of the automatic stay contained in 11 U.S.C. §§ 362(a)(3) and 922(a)(1) and the Title III court's

June 29, 2017, order and, if so, the impact, if any, on this court's jurisdiction over the district court's orders. See In re Soares, 107 F.3d 969, 976 (1st Cir. 1997) (determining that actions taken in violation of the automatic stay are void rather than voidable, absent retroactive relief by the bankruptcy court under 11 U.S.C. § 362(d)); see also In re Sklar, 626 B.R. 750, 761 (Bankr. S.D.N.Y. 2021) ("The termination of the stay does not operate retroactively.") (citations omitted); HealthproMed Foundation, Inc. v. Dep't of Health & Human Serv., 982 F.3d 15, 17, 19-20 (1st Cir. 2020) (determining this court lacked jurisdiction over the merits of orders that were void due to their entry in violation of the automatic stay).

- Should the discharge and discharge injunction contained in the Plan and the Title III court's confirmation order apply, whether there are any Article III mootness implications as this appeal was filed by a Commonwealth agency and its officer. See In re Fin. Oversight & Mgmt. Bd. for P.R., 650 B.R. 286, 292-93 (D.P.R. 2022) (determining the claims against a Commonwealth office included on the list of governmental entities comprising the Central Government are claims against the Commonwealth and subject to the Plan); see also First Unum Life Ins. Co. v. Wulah, 506 F. App'x 1, 1-2 (2d Cir. 2012) (determining the portion of defendant-debtor's appeal involving discharged money judgment is moot) (citing Church of Scientology of Calif. v. United States, 506 U.S. 9, 12 (1992), and 11 U.S.C. § 524(a)); Ford Consumer Fin. Co., Inc. v. Clay, 984 S.W.2d 615, 616-17 (Tenn. Ct. App. 1998) (determining defendant-debtor's appeal involving a money judgment discharged and rendered void by § 524(a) is moot).

Appellants are ordered to file the supplemental brief within 30 days of the entry of this order. Appellees are ordered to file their supplemental brief within 30 days thereafter. Appellants may file a supplemental reply brief, not to exceed 7 pages, within 21 days of the appellees' brief. The briefs shall otherwise comply with all applicable rules concerning format, service, and other requirements.

By the Court:

Anastasia Dubrovsky, Clerk

cc: Idza Díaz-Rivera
Luis R. Román-Negrón
Omar J. Andino Figueroa
Fernando Figueroa Santiago
George W. Shuster Jr.
Fermín L. Arraiza-Navas
Adriel I. Cepeda Derieux
Theresa J. Lee
Ryanne E. Perio
Victoria Ochoa
Sophia Lin Lakin